PILLSBURY WINTHROP SHAW PITTMAN LLP
COLIN T. KEMP (SBN 215408)
colin.kemp@pillsburylaw.com
STEPHEN E. BERGE (SBN 274329)
stephen.berge@pillsburylaw.com
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:     (415) 983-1000
Facsimile:      (415) 983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
WILLIAM P. ATKINS (*pro hac vice*)
william.atkins@pillsburylaw.com
1650 Tysons Blvd.
McLean, VA 22102
Telephone:     (703) 770-7900
Facsimile:      (703) 770-7901

Attorneys for Defendant
THE KROGER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHERIE L. MOORE,<br><br>    Plaintiff and counterclaim defendant,<br><br>    vs.<br><br>THE KROGER COMPANY,<br><br>    Defendant and counterclaimant. | Case No. 4:13-CV-04171-DMR<br><br>**OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Magistrate Judge Donna M. Ryu<br><br>Complaint Filed:     September 9, 2013 |

I.    INTRODUCTION.

The Kroger Company ("Kroger") respectfully requests that the Court deny Cherie L. Moore's ("Moore") Administrative Motion to Consider Whether Cases Should be Related, dated December 9, 2013 (the "Motion"), seeking relation of *Cherie L. Moore v. Costco Wholesale Corporation*, Case No. 3:13-cv-04165 (the "Costco case"), *Cherie L. Moore v. The Rite Aid Corporation*, Case No. 5:13-cv-04170 (the "Rite Aid case"), and *Moore v. Kroger*, Case No. 4:13-cv-04171 (the "Kroger case") (collectively, the "Three Cases"). Moore's Motion should be denied because the requirements of Local Rule 3-12(a) are not met.[1]

II.   ARGUMENT.

Cases are not related unless they "concern substantially the same parties, property, transaction, or event." L.R. 3-12(a)(1). It must also appear "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a)(2). Moore's Motion fails to establish that either requirement is met here.

A.    The Three Cases do not "concern substantially the same parties, property, transaction or event."

Moore's Motion asserts that the Rite Aid and Kroger cases are "essentially related to the same events of [the Costco] case." Motion, at 1:8. But that is not correct. In fact, the Three Cases are unrelated – and do not "relate[] to the same events" – for at least the following reasons:

- The Three Cases involve unrelated defendants – the only overlap among the parties in these cases is Moore;

- Moore does not allege that any defendant has acted in concert with or

---

[1] In addition, the Motion should be denied because Moore's service of the Motion on Kroger was untimely and defective under Local Rules 3-12(b) and 7-11. Although Moore filed her Motion on December 9, 2013, she did not serve her Motion upon Kroger until 9:08 p.m. on December 11, 2013.

induced any other defendant to infringe her asserted copyrights;

- Moore does not allege that the defendants' products accused of copyright infringement are related in any way;

- The alleged issues of infringement and damages are distinct as to each defendant (e.g., different timelines, witnesses, sales volumes, etc.), and Moore does not explain how relating the cases would promote judicial economy or efficiency for those issues.

Presumably, Moore is relying on the fact that she has asserted the same alleged copyright registration against the defendants in the Three Cases. This is not a sufficient basis for relating cases. Rather, the weight of authority favors maintaining separate actions. For example, in *Evolutionary Intelligence LLC v. Yelp Inc.*, No. 4:13-cv-03587 DMR (N.D. Cal. Oct. 8, 2013), the court denied a motion to consider whether cases should be related because although same patent was at issue in the several cases, each case involved different defendants and products. *See id.*, at Dkt. Entry No. 82; *see also WiAv Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *1, 3-4 (N.D. Cal. Oct. 1, 2010) (in holding that defendants were misjoined in a case where a common patent was asserted, the Court cited L.R. 3-12(a) and stated: "Given the disparity in defendants, accused products, and other disparate issues discussed herein like damages, willfulness, and discovery supervision, it is worth adding that the allegations against each remaining defendant <u>would not be related under our civil local rules even if brought here as separate actions</u>.") (emphasis added).

B.  <u>Proceeding separately will not cause undue burden or conflicting results</u>.

The Motion also fails to explain why "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges" as required by Local Rule 3-12(a)(2). While Kroger obviously agrees that conserving judicial and party resources is a critical goal, as noted above, each of these cases concerns different defendants with different products. Although

1. there will likely be some overlap with respect to the validity of Moore's alleged copyright
2. registration (and this is the subject matter of motion practice in two of the three cases), each
3. case may require a unique inquiry to assess alleged infringement and damages with respect
4. to each individual defendant.  There is a material danger of confusing issues and a danger
5. of complicating the case schedule(s) by relating these cases.  Thus, even if there were
6. common validity issues in the Three Cases, those issues are insufficient to justify relating
7. the cases as it is unlikely that relation would avoid duplication of labor and expense, or
8. cause conflicting results.

    III.     CONCLUSION.

    For the reasons above, Moore's Motion should be denied.

    Dated:  December 13, 2013.

                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                COLIN T. KEMP
                                STEPHEN E. BERGE
                                4 Embarcadero Center, 22nd Floor
                                San Francisco, CA  94111

                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                WILLIAM P. ATKINS
                                1650 Tysons Blvd.
                                McLean, VA 22102


                                By        /s/ Stephen E. Berge
                                     Stephen E. Berge
                                     Attorneys for Defendant

                                     THE KROGER COMPANY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 13, 2013, a true and correct copy of the foregoing Opposition to Plaintiff's Administrative Motion to Consider Whether Cases Should be Related is being served to the following party via electronic mail pursuant to Civil Local Rule 5-1(h):

Carla Beth Oakley
Morgan, Lewis & Bockius LLP
coakley@morganlewis.com
Counsel for Niagara Bottling LLC

PILLSBURY WINTHROP SHAW PITTMAN LLP
COLIN T. KEMP
STEPHEN E. BERGE
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111

PILLSBURY WINTHROP SHAW PITTMAN LLP
WILLIAM P. ATKINS
1650 Tysons Blvd.
McLean, VA 22102

By  _____/s/ Stephen E. Berge_____
       Stephen E. Berge
       Attorneys for Defendant
    THE KROGER COMPANY