MORGAN, LEWIS & BOCKIUS LLP
CARLA B. OAKLEY (SBN 130092)
COREY R. HOUMAND (SBN 268366)
coakley@morganlewis.com
choumand@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:   415.442.1000
Fax:   415.442.1001

Attorneys for Defendant
THE RITE AID CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHERIE L. MOORE,<br><br>            Plaintiff,<br><br>     vs.<br><br>THE RITE AID CORPORATION,<br><br>            Defendant. | Case No. 13-cv-04170 HRL<br><br>**DEFENDANT RITE AID CORPORATION'S BRIEF IN RESPONSE TO PLAINTIFF CHERIE L. MOORE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT RITE AID'S BRIEF IN
RESPONSE TO PL.'S ADMIN. MOTION RE
RELATED CASES
CASE NO. 13-cv-04170 HRL

1   Under Civil Local Rules 3-12 and 7-11, Defendant Rite Aid Corporation ("Rite Aid") files this Brief in Response to Plaintiff Cherie L. Moore's ("Plaintiff") Administrative Motion to Consider Whether Cases Should Be Related.[1]  Rite Aid does not oppose a determination that the cases are related, but reserves its right to oppose consolidation of the cases under Rule 42, Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

On September 9, 2013, Plaintiff filed separate complaints against (1) Costco Wholesale Corporation and Niagara Bottling, LLC; (2) Rite Aid; and (3) The Kroger Company.  *See Moore v. Costco Wholesale Corp. et al.*, N.D. Cal. Case No. 5:13-cv-04165-LHK (PSG) [Dkt. No. 1] (the "*Costco* Case"); *Moore v. Rite Aid Corp.*, 5:13-cv-04170-HRL [Dkt. No. 1] (the "*Rite Aid* Case"); *Moore v. Kroger Co.*, N.D. Cal. Case No. 4:13-cv-04171-DMR [Dkt. No. 1] (the "*Kroger* Case").  Each complaint asserts a single claim for copyright infringement of a claimed work or works that Plaintiff calls the "Personalizable Beverage Name Space" (Copyright Registration Number VA 1-797-765).  Each case arises out of the alleged sale of bottles of water that have labels with a small blank box, with the word "name" above it, which is a space for the consumer to write his or her name (the "blank name space").  Plaintiff claims that blank name spaces are somehow protected by copyright and that each defendant infringed that copyright by including blank name spaces on bottle labels.  There is no allegation that the defendants acted in concert or collaborated in any way.  The labels that incorporate the blank name spaces that Plaintiff claims are infringing are attached to each of the complaints.

On November 26, 2013, Rite Aid filed a motion to dismiss in the case filed against it, contending that the registration on which Plaintiff relies is invalid and, even if not invalid, that there can be no claim for infringement as a matter of law because a blank name space, like other

---

[1] Plaintiff failed to timely and properly serve her Administrative Motion to Consider Whether Cases Should be Related.  According to the docket, Plaintiff evidently filed the motion in the *Costco* Case on December 9, 2013. Plaintiff sent a copy of the Administrative Motion to counsel for Rite Aid via email on Thursday, December 12, 2013, after 9 p.m., and did not advise that she had filed the motion three days earlier.  The parties have no agreement in the *Rite Aid* Case for service by email.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

1

DEFENDANT RITE AID'S RESPONSE TO
PL.'S MOTION TO CONSIDER WHETHER
CASES ARE RELATED
CASE NO. 13-cv-04170 HRL

utilitarian forms or methods, is not protectable by copyright. *Moore v. Rite Aid Corp.*, 5:13-cv-04170-HRL [Dkt. No. 10]. On December 10, 2013, Niagara Bottling, LLC, a defendant in the *Costco* Case, likewise filed a motion to dismiss . *Moore v. Costco Wholesale Corp. et al.*, N.D. Cal. Case No. 5:13-cv-04165-LHK (PSG) [Dkt. No. 19]. According to the docket, Costco has not yet appeared in the action filed against it. On November 8, 2013, Defendant The Kroger Company answered the complaint and filed counterclaims for a declaration of noninfringement and a declaration of copyright invalidity. *Moore v. Kroger Co.*, N.D. Cal. Case No. 4:13-cv-04171-DMR [Dkt. No. 14].

Initial Case Management Conferences currently are set for January 28, 2014 in the *Rite Aid* Case and for January 22, 2014 in the *Kroger* Case, respectively. The Initial Case Management Conference set for February 7, 2014 in the *Costco* Case was vacated upon reassignment of that case to the Honorable Lucy H. Koh. *Moore v. Costco Wholesale Corp. et al.*, N.D. Cal. Case No. 5:13-cv-04165-LHK (PSG) [Dkt. No. 23].

**RELATIONSHIP OF THE CASES**

Under Civil Local Rule 3-12 (a), cases are related when (1) they concern "substantially the same parties, property, transaction or event;" and (2) there will likely be an "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Currently, the three cases are assigned to different judges —Judge Koh (*Costco* Case), Magistrate Judge Lloyd (*Rite Aid* Case) and Magistrate Judge Ryu (*Kroger* Case).

Here, the common party for each of the actions is the Plaintiff. There are no other common parties named in the cases. There are no alleged common transactions or events. There is, however, common claimed intellectual property, namely, Plaintiff claims that each of the defendants infringed the copyright in the same claimed work or works (registered together in Copyright Registration Number VA 1-797-765), and that each of them used a blank name space on labels for bottled water. Infringement of this claimed copyright is the only claim that Plaintiff is asserting in her three cases against the four named defendants.

Relating the three cases at the outset may prevent conflicting results and duplication of

labor since in each case there will be an initial question as to whether Plaintiff has a valid copyright registration for her claimed work or works, which is a prerequisite to bringing the claim. *Reed Elsevier, Inc. v. Muchinick*, 559 U.S. 154, 157, 130 S.Ct. 1237, 1241 (2010); *Olander Enters., Inc. v. Spencer Gifts*, LLC, 812 F.Supp.2d 1070, 1075 (C.D. Cal. 2011). Rite Aid's motion directly challenges the validity of the claimed registration. If Plaintiff has a valid registration, the next question common to each case is whether the blank name space is entitled to copyright protection. Each defendant that has appeared has asserted that copyright protection does not apply to blank name spaces. If Plaintiff does not own a valid registration, or if the Court determines that blank name spaces are not entitled to copyright protection, then the cases should be dismissed without leave to amend or judgment entered on the pleadings.

To the extent any of the cases go beyond these questions, they likely will involve different facts and arguments. For example, each case involved different bottle labels, different witnesses, different timelines, different facts regarding access to Plaintiff's claimed work or works, different documents, and so on, and certain affirmative defenses may differ. For these reasons, Rite Aid reserves the right to oppose consolidating the cases, which would likely be prejudicial, unduly burdensome to the parties, and lead to confusion.

## CONCLUSION

For the foregoing reasons, Rite Aid does not oppose relating the *Costco* Case, the *Rite Aid* Case and the *Kroger* Case, but reserves its right to oppose consolidation of the cases should the case against Rite Aid proceed beyond the pleading stage.

Dated: December 16, 2013                    MORGAN, LEWIS & BOCKIUS LLP


By    /s/ Carla B. Oakley
      CARLA B. OAKLEY
      Attorneys for Defendant
      THE RITE AID CORPORATION

DEFENDANT RITE AID'S RESPONSE TO PL.'S MOTION TO CONSIDER WHETHER CASES ARE RELATED
CASE NO. 13-cv-04170 HRL

3