UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE L. MOORE,<br><br>　　　　Plaintiff,<br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>　　　　Defendants. | Case No. 13-cv-04165-JD<br><br>**Related Cases**<br>Case No. 13-cv-04170-JD<br>Case No. 13-cv-04171-JD<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 34 |
| CHERIE L. MOORE,<br><br>　　　　Plaintiff,<br>　　v.<br><br>RITE AID CORPORATION,<br><br>　　　　Defendant. | |
| CHERIE L. MOORE,<br><br>　　　　Plaintiff,<br>　　v.<br><br>KROGER COMPANY,<br><br>　　　　Defendant. | |

Plaintiff Cherie L. Moore, who is litigating this action and several related actions *pro se*, has asked the Court to enter a default judgment against Defendant Costco Wholesale Corporation ("Costco"). Although the Court denies the motion for the reasons discussed below, Costco's handling of this matter has not been wholly satisfactory. The Court VACATES the hearing set for May 28, 2014, under Civil Local Rule 7-1(b), because this motion is appropriate for disposition without oral argument.

**BACKGROUND**

On September 9, 2013, Plaintiff filed this action against Defendants Costco and Niagara Bottling LLC for allegedly manufacturing, distributing, and selling beverage bottles that infringe Plaintiff's intellectual property rights. Dkt No. 1. Because Plaintiff is acting *pro se* and *in forma pauperis*, the Court directed the United States Marshals Service ("USMS") to serve the summons, complaint, and orders on Defendants. Dkt. No. 9. The summons was issued on October 24, 2013 (Dkt. No. 12), and was personally served on Costco, along with the complaint and relevant orders, on December 4, 2013, (Dkt. No. 39).

On January 2, 2014, Plaintiff filed a motion for entry of default judgment against Costco. Dkt. No. 34. The next day, January 3, 2014, Costco filed a joinder (Dkt. No. 35) in Defendant Niagara's pending Motion to Dismiss (Dkt. No. 19). On January 7, 2014, Costco filed an opposition to Plaintiff's Motion for Entry of Default Judgment. Dkt. No. 37. Plaintiff did not file a reply.

**DISCUSSION**

The motion is denied because Plaintiff did not satisfy the procedural requirements for entry of a default judgment. Obtaining a default judgment is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may then seek entry of default judgment under Rule 55(b). Entry of default by the clerk is a prerequisite to an entry of default judgment. Fed. R. Civ. P. 55(a), (b); *VonGrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.")

The docket in this case does not show an entry of default by the clerk, and Plaintiff has not provided evidence of such entry. Consequently, the first required element -- the clerk's entry of default -- is missing. *See VonGrabe*, 312 F.Supp.2d at 1318; *Chevalier v. Sutter Hotel*, No. 07-cv-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008). In addition, our courts have a strong policy favoring decisions on the merits and, although late, Costco has filed papers showing

2

an intent to defend the case.  Default judgment is not warranted in these circumstances.  *Eitel*, 782 F.2d at 1472; *Chevalier*, 2008 WL 618919 at *1 (denying motion for default judgment where defendant submitted its responsive pleading eight days after the deadline).

Although Costco will not face the sanction of a default judgment, the Court is concerned about some of its conduct to date.  The record suggests that Costco did, in fact, have knowledge of the complaint before this motion was filed.  The USMS executed a proof of service showing personal service on Costco at its Issaquah, Washington, business address on December 4, 2013.  Dkt. No. 39.  The proof of service states that a summons, the complaint and orders were served by USMS.  *Id.*  Service was accepted by John Sullivan at Costco.  *Id.*  Costco offers no explanation about what happened with the service on its end other than to say, by declaration of an in-house counsel, that it could not find a copy of the summons.  Dkt. No. 37-1.  Despite being unable to find the summons served on December 4, 2013, Costco knew that the motion for default judgment had been filed on January 2, 2014, and was sufficiently aware of developments in this case to file, on January 3, 2014, a request to join a motion to dismiss filed by the other defendant.  This litigation was on Costco's radar screen and it should have been more proactive in addressing the status of the complaint against it.

The Court is also concerned about an argument made in Costco's opposition brief.  Costco said that entry of default judgment should be denied "for what is, at most, a technical default of eight days, including the New Year holidays."  Dkt. No. 37 at 3.  Costco's glibness about requirements under the Federal Rules of Civil Procedure and our Court's Local Rules is ill conceived.  All litigants are required to comply strictly with all procedural rules, and Costco is not privileged to disregard them as technicalities or as trumped by holidays.  The Court expects that it will not hear that line of excuse again in this case.

**IT IS SO ORDERED.**

Dated:  May 12, 2014

_____
JAMES DONATO
United States District Judge