UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE L. MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>  Defendants. | Case No.  13-cv-04165-JD<br>Case No.  13-cv-04170-JD<br><br>**Related Case**<br>Case No.  13-cv-04171-JD<br><br>**ORDER GRANTING PLAINTIFF'S REQUESTS FOR EXTENSION AND LEAVE TO AMEND COMPLAINT**<br><br>Re:  Dkt. No. 42 (13-cv-04165-JD);<br>       Dkt. No. 37 (13-cv-04170-JD) |
| CHERIE L. MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION,<br><br>  Defendant. | |
| CHERIE L. MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>KROGER COMPANY,<br><br>  Defendant. | |

Plaintiff Cherie L. Moore, who is litigating these actions *pro se*, seeks leave to file an amended complaint in Case No. 13-cv-04165-JD ("Costco Action"), Dkt. No. 42, and in Case No. 13-cv-04170-JD ("Rite Aid Action"), Dkt. No. 37.[1] Plaintiff also asks for an extension of time to

---

[1] Plaintiff's motions also ask the Court to "join these cases as previously requested." Because Plaintiff is proceeding *pro se*, her motions are to be "liberally construed." *Erickson v. Pardus*, 551

file the amended complaints. The Court grants both requests and VACATES the hearing set for May 28, 2014, because the motions are appropriate for disposition without oral argument. Civ. L.R. 7-1(b). The case management conference set for May 14, 2014 will take place as scheduled.

## BACKGROUND

On September 9, 2013, Plaintiff filed three separate actions alleging that various defendants are manufacturing, distributing, and selling beverage containers that infringe Plaintiff's intellectual property. *See* No. 3:13-cv-04171 ("Kroger Action"), Dkt. No. 1; Costco Action, Dkt. No. 1; Rite Aid Action, Dkt. No. 1.

Although the Kroger Action has the highest case number, it has moved more quickly than the other two cases. Specifically, on November 8, 2013, Kroger filed an answer to Plaintiff's complaint and asserted counterclaims for declaratory judgment for non-infringement and copyright invalidity. Kroger Action, Dkt. No. 14. On January 2, 2014, Kroger filed a motion for judgment on the pleadings, requesting dismissal of Plaintiff's complaint with prejudice and judgment for Kroger on its counterclaim for declaratory judgment of non-infringement. *Id.*, Dkt. No. 29. On February 28, 2014, Magistrate Judge Ryu granted Kroger's motion, but gave Plaintiff leave to amend her complaint. *Id.*, Dkt. No. 39 ("While it appears that amendment may be futile, it is prudent to grant Plaintiff leave to amend her complaint to address the deficiencies noted in this order."). On April 2, 2013, Plaintiff filed an amended complaint. *Id.*, Dkt. No. 40.

In the Costco Action, the defendants are Niagara Bottling LLC ("Niagara") and Costco Wholesale Corporation ("Costco"). On December 19, 2013, Niagara filed a motion to dismiss Plaintiff's complaint. Costco Action, Dkt. No. 19. On January 3, 2014, Costco filed a notice of joinder and joinder in co-Defendant Niagara's motion to dismiss. *Id.*, Dkt. No. 35.

In the Rite Aid Action, sole defendant Rite Aid Corporation filed a motion to dismiss Plaintiff's complaint on November 26, 2013. Rite Aid Action, Dkt. No. 10.

---

U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Court construes Plaintiff's request as a reiteration of Plaintiff's Motion to Relate Cases, which was filed on December 9, 2013. (Costco Action, Dkt. No. 18.) As the Court has already granted Plaintiff's Motion to Relate Cases, (*Id.*, Dkt. No. 55), the present request is denied as moot.

On April 10, 2014, Plaintiff filed the motions in the Costco and Rite Aid cases addressed in this Order. Costco Action, Dkt. No. 42; Rite Aid Action, Dkt. No. 37. In both motions, Plaintiff requests "the opportunity to Amend my Complaint as was ordered in the current case of Moore vs. Kroger." *Id.* Plaintiff also asks that the Court grant a two-month extension to file the amended complaint due to a family emergency. *Id.*

**DISCUSSION**

**I.      Civil Local Rule 10-1**

Plaintiff's motions to amend do not fully comply with the local rules. Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civ. L.R. 10-1. Plaintiff breached this rule by failing to provide the Court with a copy of the proposed amended complaint as part of her request for leave to amend. But in light of Plaintiff's *pro se* status, and the fact the she was granted leave to amend in a related case, the Court uses its discretion to allow her motions to go forward for analysis. *See Guevara v. Marriott Hotel Servs. Inc.*, No. C10-5347 SBA, 2013 WL 6172983, at *3 (N.D. Cal. Nov. 23, 2013) (addressing the merits of plaintiff's request for leave to amend despite plaintiff's violation of L.R. 10-1); *accord George v. I.R.S.*, No. C05-0955 MJJ, 2006 WL 4122146, at *2 (N.D. Cal. Oct. 5, 2006).[2]

**II.     Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after the pleading is served if no responsive pleading is allowed, or 21 days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1); *Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 748 (9th Cir. 2011). "In all other cases, a party may amend its pleading only with the

---

[2] Rite Aid and Niagara also contend that Plaintiff violated Civil Local Rule 7-2, which requires that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion" because Plaintiff originally noticed the motions for a hearing date sooner than 35 days after service. Civ. L.R. 7-2. This issue is now moot, however, as Plaintiff's motions were re-noticed for a later hearing date after the Costco, Rite Aid, and Kroger Actions were related.

United States District Court
Northern District of California

1    opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should

2    "freely give leave when justice so requires." *Id.*

3          Here, Defendants have declined to consent to amending the complaint, and Plaintiff filed

4    the motions to amend well after the 21-day period in which amendment was permitted as a matter

5    of course. Consequently, Plaintiff may proceed only if the Court allows the amended pleadings.

6          Courts typically consider four factors when determining whether to grant leave to amend:

7    (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and

8    (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 2279, 9

9    L.Ed.2d 222 (1962) (the "*Foman* factors"); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194

10   F.3d 980, 986 (9th Cir. 1999). "[T]he consideration of prejudice to the opposing party [] carries

11   the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

12   (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). The burden of

13   showing prejudice is on the party opposing leave to amend. *See Dunbar v. Google*, No. 5:12-cv-

14   3305-LHK, 2012 WL 6202797, at *8 (N.D. Cal. Dec. 12, 2012). "Absent prejudice, or a strong

15   showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in

16   favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

17         Defendants Niagara and Rite Aid have not raised a solid reason to deny leave to amend

18   under these factors. Defendants have not carried their burden of showing prejudice. In fact,

19   neither Niagara's nor Rite Aid's oppositions mention any prejudice at all, let alone demonstrate

20   they would indeed be prejudiced if Plaintiff is allowed to amend the complaints. *See* Costco

21   Action, Dkt. No. 50; Rite Aid Action, Dkt. No. 38. Neither defendant has alleged bad faith on the

22   part of Plaintiff. *See id.* Consequently, these factors do not bar amendment here.

23         The Court also finds that Plaintiff has not unduly delayed her request to amend. Plaintiff

24   contends that she seeks to file an amended complaint in light of Magistrate Judge Ryu's order on

25   Kroger's motion for judgment on the pleadings. Costco Action, Dkt. No. 42; Rite Aid Action,

26   Dkt. No. 37. Magistrate Judge Ryu's order directed Plaintiff to file an amended complaint by

27   April 3, 2014. Kroger Action, Dkt. No. 39. Plaintiff met that deadline, and filed the motions to

28   amend one week later. *Id.*, Dkt. No. 40. No undue delay is present here.

Defendants contend that the fourth factor, futility, should bar Plaintiff's request. Rite Aid argues that the defects in Plaintiff's complaint cannot be cured by amendment because the complaint presents "fundamental errors" in her single claim for copyright infringement, and Plaintiff has not informed the Court how any of these defects could be cured with an amended pleading. Rite Aid Action, Dkt. No. 38. Niagara contends that because Plaintiff failed to attach the proposed amended complaint to her request, the Court is prevented from analyzing whether Plaintiff's proposed amendment might cure any deficiencies. Costco Action, Dkt. No. 50. Magistrate Judge Ryu's order granting Plaintiff leave to amend in the Kroger Action conceded that "it appears that amendment may be futile . . . ." Kroger Action, Dkt. No. 39. While Defendants' concerns about the adequacy of the amended complaints may prove to be correct, leave to amend should be granted more liberally to *pro se* plaintiffs (*see Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)), and Plaintiff has not previously amended her complaint. The Court anticipates that Plaintiff will take to heart the prior dismissal order and will revise the complaints to address the previous deficiencies. Defendants will have the opportunity to challenge the amended complaints in a motion to dismiss.

Leave to file amended complaints is therefore granted.

### III.   Extension of Time

Plaintiff states that she is in the midst of a family emergency and has asked the Court for an extension of two months. Costco Action, Dkt. No. 42; Rite Aid Action, Dkt. No. 37. Plaintiff's request for an extension of time to file the amended complaints is granted. Plaintiff must file the amended complaint in the Costco and Rite Aid actions no later than **June 10, 2014**. Defendants' responses to the amended complaints must be filed no later than **July 10, 2014**. In light of the grant of leave to amend, Niagara's pending motion to dismiss (Costco Action, Dkt. No. 19) and Rite Aid's motion to dismiss (Rite Aid Action, Dkt. 10) are terminated as moot.

**IT IS SO ORDERED.**

Dated: May 13, 2014

_____
JAMES DONATO
United States District Judge